REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-581-GW(OPx) | Date | May 8, 2013 |
|---|---|---|---|
| Title | *Gilbert McCory v. The Price Reit, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE**

      Gilbert McCory ("Plaintiff") sued The Price Reit, Inc. ("Defendant") in Riverside County Superior Court for violation of California's Unruh Civil Rights Act, violation of California's Disabled Persons Act, and negligence.  Defendant removed the case to this Court on March 28, 2013.  Defendant's Notice of Removal asserts that the Complaint pleads a federal question, giving this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  *See* Notice of Removal ¶ 5.  Plaintiff's first and second claims both allege that Defendant is required to ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines <u>and</u> Title 24 of the California Code of Regulations.  *See* Complaint ¶¶ 8, 10.  Likewise, Plaintiff's negligence claim locates the necessary duty for such a claim by way of reference to the Defendant's alleged obligations under the Americans with Disabilities Act, <u>and</u> the Unruh Civil Rights Act <u>and</u> the California Disabled Persons Act.  *See id.* ¶ 12.

      It is this Court's duty to always examine its own subject matter jurisdiction, even if the parties do not address the issue.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Because Plaintiff may prevail merely by demonstrating a violation of the California Code of Regulations for purposes of his first two claims and one of two California statute-based duties for purposes of his third claim, there is no federal question giving rise to jurisdiction under section 1331. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *see also Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012); *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011); *Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002).  As such, this Court lacks subject matter jurisdiction and therefore remands the case to Riverside County Superior Court.

| | : | |
|---|---|---|
| | Initials of Preparer | JG |